United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTIS THOMAS, | ) No. C 06-3581 MMC (PR) |
| | ) |
| Plaintiff, | ) **ORDER DENYING PLAINTIFF'S** |
| | ) **MOTIONS TO COMPEL AND FOR** |
| v. | ) **SANCTIONS; GRANTING DEFENDANTS'** |
| | ) **MOTIONS FOR PROTECTIVE ORDER** |
| M.S. EVANS, Warden, | ) **AND TO STAY DISCOVERY; LIFTING** |
| | ) **STAY OF MOTION TO DISMISS AND** |
| Defendants. | ) **SCHEDULING FURTHER BRIEFING** |
| _____ | ) **(Docket Nos. 21, 26, 30, 31, 32)** |

On June 5, 2006, plaintiff, a California prisoner currently incarcerated at Centinela State Prison and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983, alleging the violation of his constitutional rights by prison officials at Salinas Valley State Prison. On July 5, 2006, plaintiff filed an amended complaint; on December 11, 2006, the Court found plaintiff's allegations stated cognizable claims for relief, ordered the amended complaint served on defendants, and ordered defendants to file a dispositive motion or indicate they were of the opinion that plaintiff's claims could not be resolved by such a motion. After being granted an extension of time, defendants filed two separate motions. Specifically, on March 12, 2007, defendants filed a motion to dismiss plaintiff's Eighth Amendment claim pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground plaintiff had failed to exhaust his administrative remedies, and on April 11, 2007, defendants filed a motion for summary judgment on plaintiff's First Amendment and Equal Protection claims.

On April 9, 2007, plaintiff filed a motion to compel discovery and for sanctions. On

1 April 18, 2007, the Court ordered defendants to file an opposition to plaintiff's motions, and
2 informed plaintiff he could file a reply to the opposition. The Court also entered a stay of
3 defendants' motions to dismiss and for summary judgment pending resolution of the
4 discovery motions.

5 On May 7, 2007, defendants filed their opposition to plaintiff's motions, and also filed
6 a motion for protective order and to stay further discovery. On May 25, 2007, plaintiff filed
7 three new motions to compel discovery and for sanctions. The Court now addresses the
8 parties' pending motions.

## DISCUSSION

A. <u>Plaintiff's Motions to Compel and For Sanctions</u>

    1. <u>Motion Filed April 9, 2007 (Docket No. 21)</u>

On March 23, 2007, plaintiff signed and dated his first motion to compel discovery and for sanctions; the motion was filed in this court on April 9, 2007. In his motion, plaintiff alleges that as of the date he prepared the motion defendants had not responded to any of plaintiff's January 30, 2007 discovery requests; he asks the Court to compel them to do so.

In response, defendants argue the motion should be denied because (1) plaintiff agreed that defendants could have until March 30, 2007 to provide him with discovery responses, but he then attempted to renege on that agreement and did not make a good-faith effort to meet and confer with defendants' counsel before seeking court intervention; and (2) plaintiff filed his motion after defendants already had responded to his discovery requests, and he did not acknowledge in the motion that they had done so.

Defendants offer the following evidence in support of their argument. During a telephone conference on March 13, 2007, defendants and plaintiff reached an agreement that defendants would respond to plaintiff's discovery requests by March 30, 2007. (Decl. N. Huynh Supp. Defs.' Opp. ("Huynh Decl.") ¶ 8 & Ex. 6.) Immediately after the telephone conference, defendants' counsel memorialized the agreement and faxed a copy to plaintiff. (<u>Id.</u> ¶ 9 & Ex. 8.) The next day, March 14, 2007, plaintiff sent a meet-and-confer letter to defendants' counsel, stating his intention to file a motion to compel and for sanctions if

1  defendants did not respond to plaintiff's discovery requests by March 19, 2007. (Id. ¶ 10 &
2  Ex. 7.) On March 20, 2007, defendants' counsel sent plaintiff a response to plaintiff's
3  March 14 letter, informing plaintiff that the letter appeared to renege on the March 13, 2007
4  agreement, and reminding him that defendants would respond to his discovery requests on or
5  before March 30, 2007, as the parties previously had agreed. (Id. ¶ 12 & Ex. 8.) On
6  March 30, 2007, defendants' counsel mailed 179 pages of discovery responses to plaintiff.
7  (Id. ¶ 14 & Ex. 9.) On April 6, 2007, defendants' counsel received plaintiff's motion to
8  compel and for sanctions. (Id. ¶ 15.) The motion is signed and dated March 23, 2007, (Mot.
9  at 3), and the proof of service is dated April 4, 2007. (Proof of Service at 2.)

10  The Court will deny the motion to compel. If plaintiff had made a good-faith effort to
11  meet and confer with defendants after he received the March 20, 2007 letter in which
12  defendants' counsel reiterated the parties' March 13, 2007 discovery agreement, plaintiff
13  would have realized that the motion to compel was unnecessary because, in accordance with
14  said agreement, defendants would be providing plaintiff with their discovery responses by
15  March 30, 2007. Further, by the time plaintiff filed his motion, defendants already had
16  provided plaintiff with 179 pages of discovery responses, making the motion unnecessary.

17  Plaintiff seeks sanctions for defendants' alleged discovery violations and also for
18  matters unrelated to discovery, concerning defendants' involvement in the incidents which
19  form the basis for plaintiff's underlying claims in this action. Because the Court has found
20  no discovery violations by defendants and sanctions are not a proper remedy for plaintiff's
21  underlying claims of injury, the motion for sanctions will be denied.

22  2.  Motions Filed May 25, 2007 (Docket Nos. 30-32)

23  On May 25, 2007, plaintiff filed three additional motions to compel discovery and for
24  sanctions. In these motions plaintiff seeks to compel defendants to provide further responses
25  to the following interrogatories: (1) interrogatories nos. 5, 6, 8, 9, 10 and 12 for defendant
26  Kirchner; (2) interrogatories nos. 5, 6, 9, 10, 12 and 14 for defendant Ponder; and
27  (3) interrogatories nos. 5, 6, 8, 9, 10, 11, 12, 15, 16 and 20 for defendant Evans. Plaintiff
28  also seeks sanctions for defendants' alleged discovery violations.

3

1 Defendants oppose the motion to compel on the ground plaintiff failed to meet and
2 confer in good faith with defendants' counsel before seeking court intervention. Specifically,
3 defendants assert, defendants' counsel did not learn of plaintiff's objections to defendants'
4 discovery responses until plaintiff filed the instant motion. (Opp. at 4 & Decl. N. Huynh
5 Supp. Opp. ("Huynh Decl.") ¶ 3.)

Plaintiff may file a motion to compel discovery only after he satisfies the "meet and confer" requirements of the discovery rules. See Fed. R. Civ. P. 37(a)(2)(A); L. R. 37-1(a). It is clear from plaintiff's motions that he has not done so. Accordingly, plaintiff's additional motions to compel and for sanctions will be denied as premature.

B. Defendants' Motion for Protective Order and to Stay Discovery (Docket No. 26)

As noted above, defendants have filed two dispositive motions in this matter: (1) a motion to dismiss plaintiff's Eighth Amendment claim pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground plaintiff has failed to exhaust his administrative remedies, and (2) a motion for summary judgment on plaintiff's First Amendment and Equal Protection claims, which motion includes, inter alia, defendants' assertion of the defense of qualified immunity. On May 7, 2007, defendants filed a motion to stay further responses to discovery until both dispositive motions have been ruled on.

With respect to their motion to dismiss, defendants ask the Court to enter a protective order, under Rule 26(c) of the Federal Rules of Civil Procedure, staying further responses to discovery related to the issue of exhaustion. See Fed. R. Civ. P. 26(c) (providing court may issue protective order staying discovery upon finding of good cause). Defendants argue a stay is appropriate because: they have attached to their motion to dismiss all available materials that are relevant to the issue whether plaintiff properly exhausted his available administrative remedies; plaintiff has access to his central prison file, which contains his inmate appeals; and, plaintiff has received defendants' discovery responses, which were served on plaintiff on March 30, 2007.

The Court finds good cause exists to grant defendants' request; accordingly, the Court will enter a protective order staying further responses to discovery related to the issue of

4

exhaustion until the Court has ruled on the motion to dismiss.

With respect to their motion for summary judgment, defendants ask the Court to stay further responses to discovery related to the motion for summary judgment until the Court has ruled on defendants' qualified immunity defense. As a general rule, a district court should stay discovery until the issue of qualified immunity is resolved. See Crawford-El v. Britton, 523 U.S. 574, 598 (1998); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Defendants' motion for a stay of discovery will be granted; accordingly, the Court will enter a stay of further responses to discovery related to the motion for summary judgment until the Court has ruled on the issue of qualified immunity.

C.  Previous Stay of Dispositive Motions

On April 18, 2007, the Court entered a stay of defendants' motions to dismiss and for summary judgment until plaintiff's discovery motions had been resolved. In light of the Court's resolution, in this order, of all pending discovery motions, the Court will lift the stay of defendants' motion to dismiss plaintiff's Eighth Amendment claim; a briefing schedule on said motion is set forth below. The stay of defendants' motion for summary judgment will remain in effect, however, until the motion to dismiss has been resolved. If the motion to dismiss is granted, the Court will lift the stay of the motion for summary judgment and set a briefing schedule on that motion. If the motion to dismiss is denied, defendants will be ordered to file a supplemental motion for summary judgment, addressing plaintiff's Eighth Amendment claim, and a briefing schedule on that motion and the currently pending motion for summary judgment will be set.

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. Plaintiff's motions to compel discovery and for sanctions are hereby DENIED. (Docket Nos. 21, 30, 31 and 32.)

2. Defendants' motion for a protective order and to stay further discovery responses is GRANTED. (Docket No. 26.)

3. The stay of defendants' motions to dismiss entered on April 18, 2007 is hereby

5

LIFTED. The stay of defendants' motion for summary judgment remains in effect. (Docket No. 25.)

    4. The briefing schedule on defendants' motions to dismiss is SET as follows:

        a. Plaintiff's opposition to defendants' motions to dismiss shall be filed with the Court and served on defendants no later than **thirty (30)** days from the date of this order.[1]

        b. Defendants <u>shall</u> file a reply brief to plaintiff's opposition no later than **fifteen (15)** days from the date the opposition is filed.

    5. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

    6. All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel.

    7. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    8. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

---

[1] With respect to defendants' unenumerated motion to dismiss under Rule 12(b), plaintiff is cautioned as follows:

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

This notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). <u>See Wyatt v. Terhune</u>, 315 F.3d at 1120 n.14.

This order terminates Docket Nos. 21, 26, 30, 31 and 32.

**IT IS SO ORDERED.**

DATED: January 14, 2008

_____
MAXINE M. CHESNEY
United States District Judge