United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTIS THOMAS, ) | No. C 06-3581 MMC (PR) |
| ) | |
| Plaintiff, ) | **ORDER DENYING PLAINTIFF'S MOTION TO ORDER DEFENDANTS NOT TO DELAY PROCEEDINGS; LIFTING STAYS OF DISCOVERY AND MOTION FOR SUMMARY JUDGMENT; SCHEDULING BRIEFING ON SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT** |
| v. ) | |
| M.S. EVANS, Warden, ) | |
| Defendants. ) | |
| _____ ) | **(Docket No. 40)** |

On June 5, 2006, plaintiff, a California prisoner currently incarcerated at Centinela State Prison and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983, alleging the violation of his constitutional rights by prison officials at Salinas Valley State Prison. On July 5, 2006, plaintiff filed an amended complaint; on December 11, 2006, the Court found plaintiff's allegations stated three cognizable claims for relief, ordered the amended complaint served on defendants, and ordered defendants to file a dispositive motion or indicate they were of the opinion that plaintiff's claims could not be resolved by such a motion. On March 12, 2007, defendants filed a motion to dismiss plaintiff's Eighth Amendment claim pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground plaintiff had failed to exhaust his administrative remedies; on April 11, 2007, defendants filed a motion for summary judgment on plaintiff's First Amendment and Equal Protection claims.

Thereafter, by order dated April 18, 2007, the Court entered a stay of defendants'

dispositive motions pending resolution of plaintiff's discovery motions. On January 14, 2008, the Court denied plaintiff's discovery motions and lifted the stay of defendants' motion to dismiss plaintiff's Eighth Amendment claim. The Court left in effect the stay of defendants' motion for summary judgment on plaintiff's First Amendment and Equal Protection claims, however, pending resolution of the motion to dismiss. The Court informed the parties that: (1) if the motion to dismiss the Eighth Amendment claim were granted, the Court would lift the stay of the motion for summary judgment on the First Amendment and Equal Protection claims and set a briefing schedule on that motion; and (2) if the motion to dismiss the Eighth Amendment claim were denied, defendants would be ordered to file a supplemental motion for summary judgment with respect to the Eighth Amendment claim, and a briefing schedule on that motion and the motion for summary judgment on the First Amendment and Equal Protection claims would be set.[1] Additionally, the Court granted defendants' motion to stay further responses to plaintiff's discovery related to the motion for summary judgment.

On February 20, 2008, defendants, pursuant to Civil Local Rule 7-7(e), filed a notice of withdrawal of the motion to dismiss.[2] In said notice, defendants explained they intend to move for summary judgment on plaintiff's Eighth Amendment claim, but only after deposing plaintiff and his witnesses and conducting written discovery. Defendants stated their intention to meet and confer with plaintiff regarding a stipulated briefing schedule for the filing of their supplemental motion for summary judgment.

On March 20, 2008, plaintiff filed a "Motion for the Court to Order Defendant from Delaying the Process of the Case." In said motion, plaintiff argues that defendants are

---

[1] Although the Court left the stay of defendants' motion for summary judgment in effect, plaintiff nonetheless filed an opposition to said motion on February 13, 2008. In light of plaintiff's incarcerated and pro se status, the Court will not strike the opposition; defendants shall reply to the opposition as set forth in the "Conclusion" section of this order.

[2] Under Civil Local Rule 7-7(e), a moving party may withdraw its motion within seven days after an opposition is filed. The filing of a timely withdrawal notice is self-executing. (See L.R. 7-7(e).) Here, plaintiff filed an opposition to defendants' motion to dismiss on February 14, 2008; defendants filed their notice of withdrawal on February 20, 2008, which date is within the seven-day period. Accordingly, defendants' notice of withdrawal is timely.

2

"circumventing court proceedings" because they withdrew their motion to dismiss and are now attempting to meet and confer with plaintiff regarding discovery.  Plaintiff asks the Court to order defendants not to delay these proceedings further, and to lift the stay of discovery entered on January 14, 2008.

In response to plaintiff's motion, defendants assert they are not delaying the proceedings but rather were attempting to meet and confer with plaintiff in an effort to arrive at a joint request for a briefing schedule on the supplemental motion for summary judgment and lifting of the discovery stay.  Further, as plaintiff has made clear in his motion that he does not intend to meet and confer with defendants, defendants ask the Court to deny plaintiff's motion, set a briefing schedule on the supplemental motion for summary judgment, and lift the discovery stay.

The Courts finds defendants have not delayed the proceedings in this matter; accordingly, plaintiff's motion will be denied.  The Court will set a briefing schedule on the supplemental motion for summary judgment and lift the previously-entered stay of discovery and stay of defendants' motion for summary judgment on plaintiff's First Amendment and Equal Protection claims, as set forth below.

## CONCLUSION

In light of the foregoing, the Court orders as follows:

1. Plaintiff's "Motion for the Court to Order Defendant from Delaying the Process of the Case" is hereby DENIED.  (Docket No. 40.)

2. The stay of discovery entered January 14, 2008 is hereby LIFTED.

3. The stay of defendants' motion for summary judgment on plaintiff's First Amendment and Equal Protection claims entered April 18, 2007 is hereby LIFTED. Defendants shall file a reply to plaintiff's opposition to said motion no later than the date on which they file their reply to plaintiff's opposition to the supplemental motion for summary judgment on plaintiff's Eighth Amendment claim, as set forth below.

4. The following briefing schedule is hereby SET for the supplemental motion for summary judgment on plaintiff's Eighth Amendment claim:

a.  Defendants shall file their supplemental motion for summary judgment no later than **ninety (90)** days from the date this order is filed.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  <u>Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any defendant is of the opinion that this matter cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due</u>.

b.  Plaintiff's opposition to the supplemental motion for summary judgment shall be filed with the Court and served on defendants no later than **thirty (30) days** from the date defendants' motion is filed.

The Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial.  See <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir.

1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

      c. Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

5. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6. All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

7. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

8. Extensions of time are not favored, though reasonable extensions will be granted. However, the party making the motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time. The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is received. Any motion for an extension of time must be filed no later than the deadline sought to be extended.

This order terminates Docket No. 40.

IT IS SO ORDERED.

DATED: May 9, 2008

_____
MAXINE M. CHESNEY
United States District Judge

5