**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTIS THOMAS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>M.S. EVANS, Warden,<br><br>　　　　Defendants.<br>_____ | No. C 06-3581 MMC (PR)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR COURT TO OBTAIN AND REVIEW TRANSCRIPT OF PLAINTIFF'S DEPOSITION; SETTING NEW BRIEFING SCHEDULE ON PENDING MOTIONS FOR SUMMARY JUDGMENT**<br><br>**(Docket Nos. 47 & 53)** |

　　　　On June 5, 2006, plaintiff, a California prisoner currently incarcerated at Centinela State Prison and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983, alleging the violation of his constitutional rights by prison officials at Salinas Valley State Prison. Defendants have filed two dispositive motions: (1) on April 11, 2007, defendants filed a motion for summary judgment on plaintiff's First Amendment and Equal Protection claims, and (2) on August 7, 2008, defendants filed a motion for summary judgment on plaintiff's Eighth Amendment claim. Plaintiff has filed opposition to the first motion for summary judgment; per order dated May 9, 2008, plaintiff was required to file opposition to the second motion for summary judgment within thirty days of the date such motion was filed.

　　　　Now pending before the Court is plaintiff's request, filed August 18, 2008, that the Court obtain and review the deposition transcript relied upon by defendants in support of their second motion for summary judgment. Specifically, plaintiff states that defendants have misrepresented what plaintiff said at his deposition, by attaching to said motion only certain portions of the deposition transcript and exhibits. In support of his assertion, plaintiff

refers to specific pages of the deposition transcript and specific exhibits that he maintains defendants intentionally omitted.  In response, defendants state they have attached to their second motion for summary judgment only those portions of the deposition transcript relevant to said motion.  Further, defendants state that although lodging the deposition transcript with the court is usually done at trial, they have no objection to doing so at this time if the Court so requests, but they object to providing plaintiff with a copy of the transcript at defendants' expense.  Plaintiff responds that he is not requesting a copy of the transcript for himself, but is asking only that the Court obtain and read it.

Plaintiff's request is hereby DENIED.  As plaintiff makes clear, he objects to the fact that defendants have not submitted certain portions of the deposition transcript and exhibits in support of their motion for summary judgment.  Defendants, however, are not required to submit portions of the deposition transcript or exhibits that are not relevant to their motion.  Rather, if plaintiff objects to defendants' characterization of statements made by plaintiff at his deposition, or exhibits submitted by plaintiff at his deposition, and such objections are relevant to plaintiff's opposition to defendants' motion for summary judgment, plaintiff must raise his objections in his opposition and attach thereto a copy of those portions of the deposition transcript or exhibits upon which he relies.

In light of the foregoing, the Court hereby SETS the following briefing schedule.  Plaintiff shall file an opposition to defendants' second motion for summary judgment no later than December 31, 2008.  Defendants shall file a reply to plaintiff's opposition to both the first and second motions for summary judgment no later than fourteen (14) days after plaintiff's opposition to the second motion for summary judgment is filed.

This order terminates Docket Nos. 47 and 53.

IT IS SO ORDERED.

DATED: October 30, 2008

MAXINE M. CHESNEY
United States District Judge

2