IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| OTIS THOMAS, | ) | No. C 06-3581 MMC (PR) |
| | ) | |
| Plaintiff, | ) | **ORDER REOPENING CASE; REFERRING CASE FOR SETTLEMENT PROCEEDINGS; DENYING MOTION FOR SCHEDULING ORDER** |
| v. | ) | |
| M.S. EVANS, Warden, et al., | ) | (Docket No. 73) |
| Defendants. | ) | |
| _____ | ) | |

On June 5, 2006, plaintiff, a California prisoner currently incarcerated at Centinela State Prison and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983, alleging the violation of his constitutional rights by prison officials at Salinas Valley State Prison ("SVSP").

In its Order Granting Defendants' Motion for Summary Judgment, filed February 24, 2009, the Court granted summary judgment in favor of all defendants on plaintiff's First Amendment, Eighth Amendment and equal protection claims. (Docket No. 62.) Thereafter, plaintiff appealed the Court's ruling with respect to his Eighth Amendment claim.

On appeal, the Ninth Circuit, in an opinion filed July 26, 2010, reversed the Court's grant of summary judgment on the Eighth Amendment claim. See Thomas v. Ponder, 611 F.3d 1144 (9th Cir. 2010). Specifically, the Ninth Circuit found, as a matter of law, that prison officials knew of a substantial risk of serious harm to plaintiff's physical and mental health when they denied plaintiff exercise for a prolonged period during plaintiff's confinement in the maximum security housing unit. See id. at 1152. Additionally, the Ninth

Circuit found a triable issue of material fact existed, specifically, whether prison officials acted reasonably when they denied plaintiff exercise during such period. See id. at 1153-55. Accordingly, in an opinion filed July 16, 2010, the Ninth Circuit remanded the case to this Court for further proceedings; the mandate issued October 26, 2010, and the file was returned by the Ninth Circuit on December 1, 2010. (Docket Nos. 75, 77.)

In the interim, on October 1, 2010, plaintiff filed a motion for an order scheduling a trial of the matter. (Docket No. 73.) Thereafter, however, on November 18, 2010, plaintiff sent a letter to the Court, requesting the matter be referred for settlement proceedings. (Docket No. 76.)

The Northern District has established a Pro Se Prisoner Mediation Program under which prisoner civil rights cases may be referred to a neutral Magistrate Judge for settlement proceedings. The Court finds the instant matter suitable for such referral.

Accordingly, the Clerk is hereby directed to REOPEN the instant action, and the case is hereby REFERRED to Magistrate Judge Nandor Vadas for settlement proceedings.

The proceedings shall take place within 120 days of the date this order is filed, or as soon thereafter as Magistrate Judge Vadas' calendar will permit. Magistrate Judge Vadas shall coordinate a place, time and date for one or more settlement conferences with all interested parties and/or their representatives and, within fifteen days of the conclusion of all settlement proceedings, shall file with the Court a report thereon.

<u>The Clerk is directed to serve Magistrate Judge Vadas with a copy of this order and to notify Magistrate Judge Vadas that a copy of the court file can be retrieved from the court's electronic filing database (ECF).</u>

In view of the above, plaintiff's request for a scheduling order for trial is hereby DENIED as premature.

This order terminates Docket No. 73.

IT IS SO ORDERED.

DATED: January 3, 2011

_____
MAXINE M. CHESNEY
United States District Judge