**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTIS THAMAS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> M.S. EVANS, Warden, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | No. C 06-3581 MMC (PR) <br><br> **ORDER GRANTING DEFENDANTS' REQUEST FOR EXTENSION OF TIME; DENYING MOTION FOR TRIAL SCHEDULING ORDER; DENYING PLAINTIFF'S REQUEST FOR COUNSEL** <br><br> (Docket Nos. 93, 94, 95) |

GOOD CAUSE APPEARING, defendants' second motion for an extension of time to file a motion for summary judgment is hereby GRANTED. Defendants shall file their motion for summary judgment no later than June 2, 2011. Plaintiff shall file his opposition or a statement of non-opposition to defendants' motion no later than July 5, 2011. Defendants shall file a reply to plaintiff's opposition no later than July 20, 2011.

Plaintiff has filed a third request to set the case for trial. The request is DENIED for the same reasons stated by the Court by order dated April 1, 2011. (Docket No. 86.)

Plaintiff has also filed a proposed order referring plaintiff to the Federal Pro Bono Project, which the Court will construe as a motion for appointment of counsel. There is no constitutional right to counsel in a civil case such as this. See Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981). Rather, pursuant to 28 U.S.C. § 1915, a district court has

the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of "exceptional circumstances" requires an evaluation of (1) the likelihood of the plaintiff's success on the merits, and (2) the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. See Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004). To date, plaintiff has been able to present his claims in an adequate manner and there are no exceptional circumstances warranting appointment of counsel at this time. Should the circumstances of the case materially change, the Court may reconsider plaintiff's request sua sponte. Accordingly, plaintiff's motion for the appointment of counsel will be denied.

This order terminates Docket Nos. 93, 94, and 95.

IT IS SO ORDERED.

DATED: May 31, 2011

_____
MAXINE M. CHESNEY
United States District Judge